# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DERRICK COOK,**

      Petitioner,　　　　　Case No. 1:96-cv-424

      v.　　　　　　　　　　Judge Michael H. Watson

**CARL ANDERSON, Warden,**　　Magistrate Judge Chelsey M. Vascura

      Respondent.

## OPINION AND ORDER

Petitioner Cook, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court for consideration of Cook's motion for an Order Permitting Him to Limit His *Brady* Claim Under Review to the Grounds Presented in His Second State Post-conviction Application as Supported by the Evidence He Obtained During Federal Discovery. ECF No. 201. Also before the Court is the Respondent-Warden's Opposition. ECF No. 202. Because no ruling is needed or advisable at this time, Cook's motion will be **denied without prejudice** to reconsideration when the Court addresses the merits of Cook's claims.

## I.  Procedural History

A recap of the procedural history presumably giving rise to Cook's motion might be helpful. In 2011, when this case was decisional and under advisement

in chambers, the Supreme Court of the United States issued *Cullen v. Pinholster*, 563 U.S. 170 (2011).  There, the Supreme Court held that a federal habeas court's assessment of the reasonableness of a state court decision denying a claim on the merits must be based on the same record that the state court had before it when it adjudicated the claim.  Because of the considerable amount of factual development that occurred in these proceedings, the Court convened a status conference and ordered briefing on the effect of *Pinholster* on this Court's ability to consider the new evidence that Cook had obtained during habeas discovery and had added to the record.  ECF Nos. 117, 118, 119, 120. Ultimately, on December 22, 2011, the Court issued an Opinion and Order staying this case and holding the proceedings in abeyance to permit Cook to exhaust his claims in the state courts based on the new evidence he developed during these habeas proceedings.  ECF No. 121, at PAGEID # 740.

Following Cook's completion of those state successive postconviction proceedings, this case was restored to the Court's active docket on February 29, 2016.  ECF No. 140.  Cook filed an amended petition on December 15, 2016, ECF No. 157, and a second amended petition on June 28, 2017, ECF No. 165. Because the Court denied Cook's motion for leave to file a third amended petition, ECF No. 200, the second amended petition is the operative petition.  In its Opinion and Order denying leave, the Court directed the parties to show cause why this case should not proceed to final decision on the pleadings.  In

response, Cook filed the instant motion asking this Court to issue an order limiting its consideration of his *Brady* claim to the iteration of the *Brady* claim that he presented to the state courts during his state successive postconviction proceedings. ECF No. 201.

## II. Cook's Motion

Cook posits that if this Court confines its consideration of his *Brady* claim to the version that he most recently raised in his successive postconviction proceedings, then this Court will be able to review the claim *de novo* and consider all of the new evidence that Cook developed during habeas corpus discovery. *Id*. at PAGEID # 12618. That is because, according to Cook, the Sixth Circuit carved out an exception in *Hughbanks v. Hudson*, 2 F.4th 527, 534-36 (6th Cir. 2021), for genuinely new, never-before-raised *Brady* claims—as opposed to claims previously raised but newly bolstered by new/additional evidence—in a state successive postconviction action. Cook asserts that the Honorable Sarah D. Morrison recently recognized that exception in an Opinion and Order denying a motion to alter or amend. ECF No. 201, at PAGEID ## 12619-20 (citing *Johnson v. Bobby*, Case No. 2:08-cv-55 (ECF No. 141, at PAGEID ## 11359-61), 2022 WL 1656762 (S.D. Ohio May 24, 2022)).

The Warden opposes Cook's motion, arguing that "[t]he scope of this Court's review is determined by the AEDPA, and not by the manner in which Cook pleads his claims." ECF No. 202, at PAGEID # 12624.

### III. Discussion

*Hughbanks* involved the presentation in a successive postconviction action of genuinely new, never-before-raised *Brady* claims, supported by new evidence discovered for the first time during habeas corpus discovery. The petitioner had previously raised *Brady* claims in his original postconviction action, which the state courts dismissed on the merits and then raised those claims in his habeas corpus petition. But when he returned to the state courts with his successive postconviction action, he essentially abandoned those original *Brady* claims and pursued only the genuinely new *Brady* claims that emanated from his federal habeas corpus proceedings. The state courts dismissed the new *Brady* claims <u>not</u> on the merits but on procedural grounds (the petitioner's failure to satisfy the jurisdictional prerequisites for filing a successive postconviction action). The Sixth Circuit, as explained more fully below, found that the claims were procedurally defaulted but that the default would be excused if the *Brady* claims turned out to be meritorious. The Sixth Circuit did not discuss *Pinholster*.

Judge Morrison regarded that consideration of new evidence <u>not</u> as an announcement of a new, broad, "end-around-*Pinholster*" standard for considering new evidence in habeas, <u>but</u> as being particular to the procedural posture of a defaulted *Brady* claim. For convenience's sake, the Court sets forth in its entirety Judge Morrison's observation about *Hughbanks v. Hudson*:

> Petitioner also contests the Court's reasoning that *Hughbanks v.*

*Hudson* should be understood as limited to procedurally-defaulted *Brady* claims, arguing that the Sixth Circuit never said as much. (ECF No. 138, PageID 11302-03.) In *Hughbanks*, the Sixth Circuit considered new evidence collected during federal habeas corpus proceedings in support of a procedurally-defaulted *Brady* claim. 2 F.4th 527 (6th Cir. 2021). The *Brady* claim had been previously adjudicated on the merits in state court on a record that did not include the evidence later gathered during habeas, and then dismissed on jurisdictional grounds when presented later with the new evidence in a second or successive state postconviction petition. In such circumstances, a federal habeas court will look through to the previous merits decision in state court, upon which the later state-court dismissal on procedural grounds has no effect. *See Williams v. Houk*, 676 F. App'x 524, 538 (6th Cir. 2017) (holding that review is limited to the record on direct appeal when the state court decided the claim on the merits, excluding evidence presented in state postconviction when the claim was dismissed as *res judicata*); *cf. Cone v. Bell*, 556 U.S. 449, 466-67 (2009) ("[W]hen a state court declines to revisit a claim it has already adjudicated, the effect of the later decision upon the availability of federal habeas is 'nil' because 'a later state decision based upon ineligibility for further state review neither rests upon procedural default nor lifts a pre-existing procedural default.' ") (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 804 n.3 (1991)).

But here, as the Sixth Circuit explained in its opinion, "Hughbanks limit[ed] his *Brady* claim [on appeal] to the grounds presented in his second state post-conviction application, relying exclusively on the evidence he obtained during federal discovery," [fn omitted] and thus the *Brady* claim before the Sixth Circuit on appeal did not include the grounds that had been previously adjudicated on the merits in state court. *Id*. at 535, *citing* Appellant Br. At 35 & n.4. Whereas the state court's dismissal of Hughbanks's second postconviction petition on jurisdictional grounds would typically play no role in federal habeas review of the prior state merits adjudication, without a prior state merits adjudication pertaining to the only grounds raised in the Sixth Circuit, the dismissal instead served to procedurally default the claim. Procedural default bars federal habeas review unless the petitioner can show cause for the default and prejudice from the underlying constitutional violation. But as the court explained, the merits of a *Brady* claim can also serve as the cause and prejudice to

excuse its procedural default:

> Because the Ohio Court of Appeals applied a state-law procedural bar to reject Hughbanks's *Brady* claim, we consider his claim to be procedurally defaulted. *Bies*, 775 F.3d at 396. Generally, "[u]excused procedural default precludes federal habeas review. However, federal courts can excuse procedural default upon a showing of either cause and prejudice or a fundamental miscarriage of justice." *Id*. (internal citations omitted). When considering procedurally defaulted *Brady* claims, the Supreme Court has held that two of the three elements of an alleged *Brady* violation, whether the evidence was suppressed by the State and whether such suppressed evidence was material, constitute the required cause and prejudice to excuse procedural default. *Strickler v. Greene*, 527 U.S. 263, 282 (1999). Thus, if Hughbanks can demonstrate a meritorious *Brady* violation, he will have also made the requisite showing of cause and prejudice, allowing us to grant habeas relief.

*Hughbanks*, 2 F.4th at 535. In other words, the claim would not have been reviewed on the merits but for the fact that the merits of the defaulted *Brady* claim can also serve as the cause and prejudice necessary to excuse the default. Had the defaulted claim been anything other than a *Brady* claim, the cause for the default reviewed by the court would not have included the merits of the defaulted claim.

To assume, as Petitioner does, that the consideration of new evidence in *Hughbanks* was not particular to the procedural posture of a defaulted *Brady* claim but instead the announcement of a brand-new standard for considering new evidence in habeas more broadly, one would need to entirely disregard the Sixth Circuit's own explanation for the standard of review in the case, *see Hughbanks*, 2 F.4th at 535. One would also have to assume that the court chose, without any explanation of its intent, to repudiate all prior circuit precedent applying *Pinholster*. And that the court selected as the vehicle to announce its new standard for § 2254(d) review of state court decisions a claim to which § 2254(d) does not apply based on existing doctrine. *See Ege v. Yukins*, 485 F.3d 364, 379 n.7 (6th Cir. 2007) (holding that a claim is reviewed *de novo* as cause to

>overcome procedural default even if it is subject to AEDPA deference when reviewed as a free-standing claim).  These are not assumptions this Court will make without some indication from the Sixth Circuit that this was its intent.

*Johnson*, 2022 WL 1656762, at *8-9.

Cook's request is understandable.  Without this posited exception for *Brady* claims presented in the particular procedural posture described above, counsel for Cook is no doubt aware of at least the possibility that his *Brady* claim might only be reviewed as it was originally preserved and raised in these proceedings, *and without* the benefit of the new evidence that he developed during habeas corpus discovery—as if his pursuit of successive postconviction relief was a "non-event" that on the one hand failed to remove *Pinholster*'s preclusive effect, but on the other hand did not upend preservation of the *Brady* claim as raised and supported before Cook developed new evidence and before Cook returned to the state courts to pursue successive postconviction relief. *See, e.g., Dunlap v. Paskett*, Case No. 1:99-cv-559, 2019 WL 1274862, at *7-9 (S.D. Ohio Mar. 20, 2019) (holding that the petitioner's unsuccessful pursuit of successive postconviction relief was insufficient to permit consideration of new evidence developed in habeas corpus in support of a previously raised but newly bolstered claim of mitigation-phase ineffective assistance of counsel).  But while Cook's request is understandable, it is also premature.

Whether or to what extent *Hughbanks* carved out an exception for review

of genuinely new *Brady* claims presented in a successive postconviction action dismissed for want of jurisdiction, as opined by Judge Morrison, is far from clear. Judge Morrison herself recognized the ambiguities and possible far-reaching consequences created by the Sixth Circuit's unexpressed intent, *Johnson*, 2022 WL 1656762, at *9, suggesting that the Sixth Circuit may have cause to revisit this issue, or expand upon its reasoning, in the future. In view of the changing legal landscape underlying this issue, it does not make sense for this Court to pin itself to one interpretation or another until such time as the Court is prepared to rule on the merits of Cook's claims. And while the matter is under advisement and the Court's final decision is forthcoming, it is not imminent. That being so, it would be improvident to decide at this juncture whether to grant the relief Cook seeks. The Court will assess Cook's request, and the legal landscape underlying it (and if warranted by any changes in the legal landscape, solicit further briefing from the parties) when the Court issues a final decision on the merits of Cook's claims.

For the foregoing reasons, Cook's motion to limit consideration of his *Brady* claim is **DENIED WITHOUT PREJUDICE** as not necessary at this time, subject to reconsideration when the Court addresses the merits of Cook's claims.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**